UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80701-CIV-MARRA

ZELMER ASHLEY

    Plaintiff,

v.

CHASE BANK J.P. MORGAN,
PALM BEACH STATE COLLEGE,
GREAT LAKE LOAN,
JOHN W. CARROLL,
RANDY DOANE, ESQ.,
ADRIAN P. THOMAS,
CHRISTIAN B. LAHTI,
PATRICIA M. BRESNAN,
TRACY D. LAHTI,
ERNEST GANZ,
HOWARD P. ALTERRMAN,
DR. DENNIS GALLON,
DR. JEAN WIHBY,
SCOTT MACLACHIAN, and
MARK CLIFFORD

    Defendants.
_____/

## ORDER DISMISSING CASE

This cause is before the Court upon Plaintiff's Motion for Leave to Proceed In Forma Pauperis [DE 3]. The Court has carefully considered the court file and is otherwise fully advised in the premises.

On July 22, 2013, Plaintiff, proceeding *pro se*, filed his Complaint against Defendants, seeking 2 billion dollars in damages [DE 1].

1

Section 1915(e)(2)(B) of Article 28 of the United States Code provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court must first examine whether this Complaint is frivolous or fails to state a claim before reaching a determination on the merits of Plaintiff's *in forma pauperis* application. *Cf. Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (court should determine whether the complaint was frivolous before ordering plaintiff to pay a partial filing fee).

The Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc., v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *Pro se* litigants are required to meet certain essential burdens in their pleadings. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

Although Plaintiff names various federal claims throughout his Complaint, none of the facts set forth in the Complaint state a claim. His Complaint initially sets forth a variety of complaints he has against various attorneys in connection with the sale of his property; allegations relating to some intra-family dispute relative thereto; and claims of deceit relative to the transfer of the property [DE 1 at 1 *et. seq.*].

He then moves onto a dispute with a Palm Beach College security employee having something to do with an allegation that he was carrying a weapon on campus and further having something to do with his psychology paper on Death & Dying [DE 1 at 7-8]. There is a discussion of various people trying to run him over [DE 1 at 8-9]. He alleges that the Palm Beach Gardens police conspired with Palm Beach State College having something to do with the sale of his property [DE 1 at 9-10].

He raises various complaints against Palm Beach State College, including claims that: it blocked him from downloading his homework [DE 1 at 12]; he was unable to download information onto a Palm Beach State College library computer [DE 1 at 13]; a Math lab tutor talked about illegal drugs [DE 1 at 13-14]; a group was proselytizing on campus [DE 1 at 14]; a Black professor suggested that he drop his intermediate algebra class [DE 1 at 15]; a Black professor would not let anyone check Plaintiff's paper [*Id.*]; a student was on marijuana [DE 1 at 16-17]; the negative attitude of an English lab employee resulted in Plaintiff failing English 1101 [DE 1 at 17]; he was barred from Palm Beach State College [DE 1 at 18]; the College delayed sending his transcript to Miami Dade College [DE 1 at 19].

He complains that Great Lakes Loan and Palm Beach State College would not let him transfer his loan to Miami Dade College [DE 1 at 20]. He also alleges that various defendants failed to release funds from an insurance claim filed in 2004 after a hurricane [DE 1 at 21].

No part of Plaintiff's Complaint states a claim; therefore, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the Court finds that the Complaint should be dismissed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  Any pending motions are **DENIED** as **MOOT**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of July, 2013.

_____

KENNETH A. MARRA

United States District Judge